Julia Nieves Viuda de Vélez, et al., demandantes y apelantes, *v.* Lucas, Fernanda y Juan Vélez Nieves, Francisca Irizarry de Vélez y E. D. Brown, en su carácter de Secretario Ejecutivo de Puerto Rico, demandados y apelados.

Núm. 8890.—*Sometido:* Mayo 5, 1944. *Resuelto:* Noviembre 9, 1944.

*Fernández García & Fernández Méndez* y *Juan A. Faría,* abogados de los apelantes; *Enrique Báez García,* abogado de los apelados Lucas y Fernanda Vélez Nieves y Francisca Irizarry de Vélez; *Hon. Procurador General Interino Jesús A. González,* abogado del Secretario Ejecutivo de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la demanda de este caso se trató de exponer dos causas de acción: la primera a nombre de Julia Nieves y su hija Carmen Lydia Vélez, y la segunda a nombre de la Mueblería Los Novios Incorporada.

En la primera causa de acción se hace parte demandada a Juan Vélez por haberse negado a figurar como demandante. Sustancialmente alega que Reinaldo, Lucas y Juan Vélez habían hecho negocios bajo la razón social Reinaldo Vélez & Co., utilizando el nombre comercial Mueblería Los Novios en todos sus impresos, y ostentándolo en las sucursales que tenían establecidas en diferentes pueblos de la Isla y en todos los vehículos pertenecientes a la empresa; que en marzo 1940 se organizó, de acuerdo con las leyes de

Puerto Rico, la corporación Mueblería Los Novios Incorpo-
rada, cuyos únicos accionistas eran Reinaldo, Lucas y Juan
Vélez, quienes vendieron a la corporación el negocio que te-
nían establecido bajo la razón social Reinaldo Vélez & Co.,
en relación con el cual usaban el nombre comercial Mueble-
ría Los Novios; que el 11 de agosto de 1940 falleció Rei-
naldo Vélez y sus acciones en la corporación pasaron a las
demandantes su viuda Julia Nieves y su hija Carmen Lydia
Vélez; y que en junio 1943 Julia Nieves compró al deman-
dado Lucas Vélez todas sus acciones en la corporación, la
cual fué disuelta el 5 de agosto de 1943. Continúan alegando
las demandantes que los negocios de la corporación siguen
funcionando en la misma forma y en los mismos sitios donde
siempre ha hecho negocios[1]; que la corporación tiene cuen-
tas por cobrar por valor de cerca de sesenta mil dólares, y
depósitos en los bancos montantes a miles de dólares; que
durante todo el tiempo que ha hecho negocios, la corpora-
ción ha venido usando sin interrupción y usa en la actuali-
dad el nombre comercial "Los Novios", el cual ha adquirido
un valor comercial en la Isla de Puerto Rico y en el exterior,
particularmente en las poblaciones de Puerto Rico donde
tiene sucursales y en los Estados Unidos; que el 13 de sep-
tiembre de 1943 los demandados Lucas Vélez, Francisca Iri-
zarry de Vélez y Fernanda Vélez, con el propósito de per-
judicar a las demandantes, archivaron en la Secretaría Eje-
cutiva de Puerto Rico los artículos de incorporación de una
corporación doméstica denominada Mueblería Los Novios
Incorporada, cuyo objeto es dedicarse a la compra y venta
de muebles en la Isla de Puerto Rico, la misma índole de ne-
gocios a que se ha venido dedicando y se dedica en la actua-
lidad[1] la anterior corporación Mueblería Los Novios Incor-

---

[1] Debemos presumir que al alegar las demandantes que la corporación con-
tinúa haciendo negocios se refieren a la liquidación y terminación, y no a la
iniciación de nuevos negocios, por prohibirlo expresamente el artículo 27 de la
Ley de Corporaciones.

porada, utilizando así ilegalmente el nombre de la primera corporación y el nombre comercial "Los Novios", del cual alegan las demandantes son dueños los accionistas de la corporación actualmente en liquidación; que las demandantes Julia Nieves y Carmen Lydia Vélez se proponen continuar haciendo los negocios que hacía y hace la primera corporación en las mismas circunstancias y en los sitios donde los hace en la actualidad; que el permitir a la segunda corporación hacer negocios en Puerto Rico induciría a error a los clientes que hacen negocios con la primera corporación, especialmente en lo que respecta a los pagos; afectaría seriamente el crédito de la primera corporación, y, por último, permitiría a los demandados Lucas Vélez, Francisca Irizarry y Fernanda Vélez apropiarse ilegalmente el nombre comercial "Los Novios", lo cual resultaría en competencia desleal y engaño al público.

Terminan las demandantes Julia Nieves y Carmen Lydia Vélez alegando que los daños que sufrirían serían imposibles de determinar con exactitud, y que carecen de un remedio rápido, eficaz y adecuado en el curso ordinario de la ley.

La segunda causa de acción, establecida a nombre de la primera corporación Mueblería Los Novios Incorporada, contiene sustancialmente las mismas alegaciones que se hacen en la primera, y concluye la demanda con súplica, aplicable a ambas causas de acción, de que se expida un auto de *injunction* permanente dirigido a los demandados Lucas Vélez, Francisca Irizarry y Fernanda Vélez ordenándoles que se abstengan de realizar negocios, por sí o por medio de persona alguna, bajo el nombre de Mueblería Los Novios Incorporada; y otro dirigido al demandado E. D. Brown, en su carácter de Secretario Ejecutivo de Puerto Rico, para que se abstenga de expedir, por sí o por cualquiera de sus subalternos, certificado de registro de la segunda corporación Mueblería Los Novios Incorporada, y que mientras se dicten los autos de injunction permanente se expidan autos preliminares con las mismas prohibiciones. Solicitan además

las demandantes que se condene a los demandados al pago de costas, gastos y honorarios de abogado.

Contra la demanda los demandados Lucas Vélez, Francisca Irizarry y Fernanda Vélez radicaron una contestación, en la cual como materia de defensa alegaron:

1. Que Julia Nieves y Carmen Lydia Vélez carecen de capacidad legal para reclamar para ellas el nombre de Mueblería Los Novios Incorporada, el cual es de la exclusiva pertenencia de la disuelta corporación, y que ésta perdió el derecho al nombre Mueblería Los Novios Incorporada porque al radicar su petición de disolución no hizo reserva especial alguna con respecto al derecho que tenía al nombre;

2. Que la disuelta corporación no tiene personalidad jurídica para demandar ni ser demandada en relación con la continuación de sus negocios;

3. Que la petición de injunction no aduce hechos suficientes para constituir una causa de acción a favor de las demandantes y en contra de los demandados, y

4. Que existe un defecto de partes demandadas por no haberse incluído como tal a la nueva corporación, la cual es la parte realmente interesada y tiene personalidad jurídica independientemente de los accionistas.

Resolviendo las cuestiones expuestas, la corte inferior dictó resolución por la que declaró con lugar la excepción previa presentada en cuanto a la primera causa de acción por entender que los accionistas no tienen personalidad para reclamar para ellos el nombre de la corporación; con lugar la de defecto de partes demandadas por entender que la nueva corporación debe ser parte en el pleito, y sin lugar la presentada en cuanto a la segunda causa de acción por entender que la corporación en liquidación tiene personalidad jurídica para defender sus intereses. Concedió a las demandantes un término de diez días par enmendar la demanda. No estando dispuestas a enmendarla, las demandantes solicitaron se dictase sentencia a los fines de establecer el pre-

sente recurso, a lo cual accedió la corte declarando sin lugar la demanda con costas a las demandantes.

▇ Apareciendo de la faz de la demanda que el nombre comercial "Los Novios" pertenece a la corporación en liquidación y que ésta lo ha reclamado y ha ejercitado su derecho a impedir que otra corporación se constituya con su mismo nombre mientras ella no haya sido definitivamente liquidada, es obvio que los accionistas no pueden reclamar tales derechos por ser ellos personas distintas de la entidad jurídica Mueblería Los Novios Incorporada. Es verdad que en la demanda se alega que la corporación ha sido disuelta, pero también aparece de ella que la corporación se halla en liquidación. Siendo ello así, conserva su personalidad jurídica para defender su propiedad, de la cual forma parte el nombre comercial, y para impedir que mientras no se haya liquidado se registre otra corporación con su mismo nombre. Artículos 7(1) y 27, Ley de Corporaciones. La ley no exige que para la conservación del derecho a impedir que mientras no haya sido definitivamente liquidada una corporación se inscriba otra con el mismo nombre, se haga reserva especial alguna en la petición de disolución.

▇ La alegada nueva corporación no ha adquirido, según resulta de la demanda, personalidad jurídica para demandar y ser demandada porque de conformidad con el artículo 8 de la Ley de Corporaciones, para que una corporación adquiera personalidad jurídica no basta que haya radicado sus cláusulas de incorporación en la Secretaría Ejecutiva y pagado los derechos prescritos por la ley, sino que es indispensable que el Secretario Ejecutivo haya expedido, bajo su sello, la certificación de que las cláusulas de incorporación conteniendo todos los detalles exigidos por el artículo 7 de la Ley de Corporaciones han quedado archivadas en su oficina. En el presente caso surge de la demanda que ese certificado no ha sido expedido. Precisamente para impedir su expedición es que se solicita el injunction contra el Secretario Ejecutivo. No habiendo adquirido personalidad ju-

rídica, la alegada nueva corporación no puede ser parte demandada, pero como los demandados Lucas Vélez, Francisca Irizarry y Fernanda Vélez son las personas que tratan de obtener el certificado de registro de la nueva corporación, son ellos los que deben ser demandados para que se abstengan de gestionarlo. La resolución de la corte es correcta en cuanto declaró sin lugar la primera causa de acción. También lo es en cuanto declaró que la corporación en liquidación tiene una causa de acción para impedir que la alegada nueva corporación obtenga personalidad jurídica y de ese modo utilice el nombre comercial y el nombre de la corporación anterior, pero erró la corte al declarar que hubo defecto de partes demandadas por no haberse demandado la supuesta nueva corporación, puesto que como hemos visto esta última no tiene aún personalidad jurídica.

*Procede por lo expuesto revocar la sentencia apelada y devolver el caso a la corte inferior para que conceda una nueva oportunidad a las demandantes para que enmienden su demanda de conformidad con los términos de esta opinión.*